IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: ) | | |
| JAMES RAY MAXEY ) | | |
| ) | Case No. 08-20466 | |
| Debtor. ) | Chapter 7 | |
| _____) | | |
| ) | | |
| DAVID DUVALL, ) | Adversary No. 08-2025 | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| JAMES RAY MAXEY, ) | | |
| Defendant. ) | | |
| ) | | |

This adversary comes before the Court on the Motion for Summary Judgment ("Motion") filed by plaintiff David Duvall ("Plaintiff") against James Ray Maxey ("Defendant" or "Debtor"). Plaintiff seeks that the judgment debt owed to him by Debtor, in the amount of $200,000.00("Judgment"), be deemed nondischargeable under 11 U.S.C. § 523(a)(6). This is a core proceeding under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that, while the Debtor cannot challenge the findings in the Judgment under the doctrine of collateral estoppel, those findings do not support a determination of nondischargeability under

§ 523(a)(6). Therefore, the Plaintiff is not entitled to a judgment as a matter of law at this juncture.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The history relevant to Plaintiff's Motion pertains to the Judgment which he contends is entitled to collateral estoppel. On November 4, 2003, Plaintiff filed a Petition in the Circuit Court

of Boone County against Debtor for damages resulting from Debtor reporting to the police: (1) that Plaintiff had child pornography on his computer, (2) that Plaintiff's brother showed the child pornography to Debtor's minor son, (3) that Plaintiff was growing marijuana in his home, (4) that Plaintiff was molesting children in the neighborhood, and (5) that Plaintiff was engaged in the unauthorized practice of law.[1] Debtor filed a *pro se* answer to the Petition, which was struck from the record by the state court as a sanction for Debtor's refusal to comply with discovery requests. On June 14, 2004 an interlocutory Order of Default against Defendant Maxey was entered by the state court as a sanction for his obstruction of the discovery process. On March 10, 2006, an evidentiary hearing was held on damages and a judgment was entered against Defendant Maxey, which is herein referred to as the Judgment. The Judgment contains the following findings which are relevant to this Court's determination of whether the issues decided by the state court are identical to those relevant in a §523(a)(6) analysis:

1. On June 13, 2000, Defendant James Ray Maxey knowingly, deliberately, and maliciously made false criminal complaints against Plaintiff David Duvall with the Columbia Police Department wherein he alleged that Plaintiff David Duvall had child pornography on his computer located in his house in Columbia, Missouri, and that John Duvall showed the alleged child pornography to the minor child James T. Maxey.

2. On August, 12, 2002, Defendant James Ray Maxey knowingly, deliberately, and maliciously made false criminal complaints against Plaintiff David Duvall with the

---

[1] Neither the complaint nor the transcript from the state court action are part of the record, therefore, the Court's recitation of the facts and the procedural history is based on the recitations in the Judgment and the pleadings in the adversary.

>    Columbia Police Department when he falsely told Officer Mike Valley of the Columbia Police Department that the Plaintiff was "growing marijuana" in his home, that the Plaintiff was molesting children in the neighborhood, and that the Plaintiff was engaged in the unauthorized practice of law.
>
> 3. On August 12, 2002, Defendant Maxey knowingly and deliberately set into motion a chain of events which caused the Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures to be violated.
>
> 4. Defendant James Ray Maxey acted with actual malice toward the Plaintiff.

Pursuant to these findings, the Boone County Circuit Court awarded Plaintiff $50,000 for actual damages and $150,000 for punitive damages. On or about June 23, 2006, Defendant Maxey filed his Notice of Appeal, and appealed the Judgment.[2] On March 18, 2008, the Missouri Court of Appeals entered an order denying Defendant Maxey any relief on appeal and affirming the Judgment. On March 21, 2008, Debtor filed for protection under Chapter 7 of the Bankruptcy Code and on May 13, 2008, Plaintiff filed this adversary. Plaintiff argues that the findings made in the Judgment support a determination under § 523(a)(6) that the debt arising from the Judgment is nondischargeable, that those findings are binding on this Court under the doctrine of collateral estoppel and that he is, therefore, entitled to summary judgment as a matter of law.

## II. LEGAL ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to

---

[2] *Duvall v. Maxey,* WD66986 (Mo. App.2008).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'." *Id*. Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## B. Collateral Estoppel

As a matter of constitutional and statutory law, *See* U.S. Const. art. IV, § 1 and 28 U.S.C. § 1738, federal courts generally "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Under Missouri law, there are two preclusive doctrines: claim preclusion, or "*res*

*judicata,*" and issue preclusion, which is called "collateral estoppel." *Res judicata* applies when the claim being pursued is identical to the *claim* previously adjudicated. *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo.1991). Collateral estoppel, on the other hand, is used to preclude the re-litigation of identical *issues.* Because bankruptcy courts have exclusive jurisdiction over dischargeability claims, *res judicata* can never be applied to state court judgments.[3] *Brown v. Felsen,* 442 U.S. 127, 136-37, 99 S.Ct. 2205, 2211-12, 60 L.Ed.2d 767 (1979); *In re Holiday Interval, Inc.,* 114 B.R. 177, 181 (Bankr.W.D.Mo.1989). Consequently, collateral estoppel is the only preclusive doctrine that applies to determinations of dischargeability.

In Missouri, collateral estoppel requires four criteria to be met: (1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Shahan v. Shahan*, 988 S.W.2d 529, 531 (Mo. 1999).

Debtor argues that the doctrine of collateral estoppel does not apply to the Judgment because there was no judgment on the merits and the issues in the two cases are not identical.

### 1. Judgment on the Merits

There must be a judgment on the merits for collateral estoppel to be applicable. Debtor

---

[3] Plaintiff initially argued on his Motion that the doctrine of *res judicata* is applicable in this proceeding. He acquiesced, however, in his Reply to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment, that it cannot apply in a dischargeability case.

argues that collateral estoppel is not appropriate in this case because the prior adjudication was not a judgment on the merits. Debtor cites *Duvall v. Maxey*, the Missouri Appellate Opinion, which was entered on his appeal of the state court's denial of his motion to set aside the Judgment.[4] In that opinion, the Missouri Appellate Court makes the finding that the Judgment was neither a judgment on the merits or a "true default judgment."[5] As support for its position, the Appellate Court cites *Norber v. Marcotte*, 134 S.W.3d 651 (Mo. App. 2004). A more thorough review of the *Norber* opinion reveals that a judgment rendered as a sanction for discovery violations may in fact not be a "true" default judgment, because "[i]t does not come by default in an ordinary sense, but is treated as a judgment upon trial by the court." *Norber*, 134 S.W.3d at 662. The *Norber* Court went on to state that imposing the sanction of a default judgment presumes that "no merit exists in the asserted defense in light of the failure of the errant party to produce the information necessary to dispose of the case." *Id., citing Hayes v. Hayes*, 677 S.W.2d 933, 934 (Mo. App. S.D.1984). This finding is in line with Missouri law which is that a judgment rendered, after a responsive pleading has been struck for failure to obey a discovery order, is treated as a judgment upon trial by the court. *Treetop Village Property Owners Ass'n v. Miller*, 139 S.W.3d 595, 600 (Mo. App.2004) ("a judgment. . . that follows the striking of pleadings for failure to obey a discovery order; it is not considered a default judgment, 'but is treated as a judgment upon trial by the court'."); *see also In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo. App.1997); *In re Marriage of Dickey*, 553 S.W.2d 538, 539 (Mo. App.1977). Here, Plaintiff filed a petition and Debtor filed a responsive pleading, which was

---

[4] *Duvall v. Maxey*, WD66986 (Mo. App. S.D.2008).

[5] *Id.*

6

struck by the state court as a sanction for his disregard for the discovery process. Thereafter, the state court entered a judgment against Debtor and the Court finds that said judgment is a judgment on the merits for the purpose of determining whether the doctrine of collateral estoppel may be invoked.

### 2. Identical Issues

To satisfy the collateral estoppel requirement that the relevant issues be identical, Plaintiff must establish that the state court findings regarding Debtor making false police reports, would also satisfy the Bankruptcy Code's requirement that Debtor's conduct caused a "willful and malicious injury" under § 523(a)(6). The Bankruptcy Code exempts certain debts from discharge including debts for "willful and malicious injury by the debtor to another entity."
11 U.S.C. § 523(a)(6). In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fisher v. Scargorough (In re Scarborough)*, 171 F.3d 638, 640 (8th Cir.1999); *see also In re Patch*, 2008 WL 2205270, *6 (8th Cir. 2008) ("willful" and "malicious" are not synonymous and establish separate statutory elements, both of which must be established).

The first prong of the § 523(a)(6) analysis requires a finding of "wilfulness." The term "willful" under § 523(a)(6) is controlled by the Supreme Court's decision in *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1988). There, the Court decided a split in the circuit over the meaning of "willful," holding that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64. Because the word "willful" in § 523(a)(6) modifies the word "injury," the Supreme Court concluded that "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional

7

act that leads to injury." *Id.* at 61. The Supreme Court observed that the § 523(a)(6) formulation "triggers in the lawyer's mind the category 'intentional torts,'. . . [which] generally requires that the actor intend 'the consequences of an act,' not simply 'the act itself'." *Id.* at 61 *quoting* the Restatement (Second) of Torts § 8A cmt. A (1964).

Accordingly, to establish that collateral estoppel applies and summary judgment is proper, Plaintiff must demonstrate, not just that Debtor intended to make the false police reports, but also that Debtor intentionally caused the resulting injury to Plaintiff. There are no findings in the Judgment which specifically state that Debtor acted "willfully." Because the Court was not provided a transcript, and because the Judgment does not contain any specific facts upon which it relied in finding that Debtor's actions were "knowing" and "deliberate," the Court must look to the ordinary, common-sense meaning of those terms in order to determine whether they may be found to be synonymous with the term "willful" as that term has been defined by *Kawaauhau*.

In Missouri, a person acts "knowingly" when he or she acts "in a knowing manner...with awareness, deliberateness, or intention." *Manwarren v. State*, 223 S.W.3d 899, 904 (Mo. Ct. App. 2007) *quoting* Webster's Third New International Dictionary Unabridged 1252 (1971). "Deliberately" is defined as "thought out or planned in advance" or "said or done intentionally." Webster's II New Riverside University Dictionary, 358 (1994). These terms refer to a person's actions. "Knowingly" and "deliberately" define certain acts as being intended and planned. The terms themselves say nothing about whether the actor, in intending and planning the act, also intended the injury. The finding in the Judgment that Debtor acted "knowingly" and "deliberately" when he made the police reports is nothing more than a finding that he intended to make the reports. He intended the act. Without additional evidence that Debtor desired to harm

8

Plaintiff's reputation when he made the reports or that he knew or should have known that the police reports would make it into the hands of Plaintiff's potential employers, and that they would then deny him future employment opportunities, or other evidence tending to show an intent to cause the injury that resulted, the Court cannot find that Debtor intended the injuries which resulted when he made the police reports, therefore, the Court cannot, on this record, find that Debtor's actions were "willful" under § 523(a)(6).

The second prong of a § 523(a)(6) analysis requires a showing that Debtor was "malicious." In order to have a meaning independent from willful, ". . . malice must apply only to conduct more culpable than that which is in reckless disregard of creditors' interests and expectancies." *Erickson v. Halverson (In re Halverson)*, 226 B.R. 22, 26 (Bankr. D. Minn.1998). "An injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm." *In re Stage*, 321 B.R. 486, 493 (B.A.P. 8th Cir. 2005) *citing Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir. 1996); *see also, In re Miera* 926 F.2d 741, 743 (8th Cir. 1991); *In re Long,* 774 F.2d 875, 881 (8th Cir.1985)**.**

In order for Plaintiff to have prevailed on his defamation claim in the state court, he had to establish the following elements: 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Overcast v. Billings Mutual Ins. Co.,* 11 S.W.3d 62, 70 (Sup. Ct. Mo. En Banc. 2000) *citing Nazeri v. Missouri Valley College*, 860 S.W.2d 303 (Mo. banc 1993). For purposes of determining whether the finding in the Judgment that Debtor acted "maliciously" and the conclusory statement that he acted with "actual malice" comport with the definition of

"malicious" under § 523(a)(6), the Court must consider the degree of fault necessary for the state court to have awarded actual and punitive damages for defamation.

Plaintiff was awarded actual damages for injuries resulting from Debtor's defamatory statements. In Missouri, the requisite degree of fault in a defamation case, for a private figure like Debtor, is negligence. *See Overcast,* 11 S.W.3d at 70 *citing Englezos v. Newspress and Gazette Co.*, 980 S.W.2d 25, 33 (Mo. Ct. App. 1998). Thus, in awarding actual damages for defamation, all the state court needed to find was that Debtor negligently made the false police reports. A finding based on negligence does not rise to the level of being "more culpable than that which is in reckless disregard of creditors' interests" or of being "certain or almost certain to cause harm" as is required by the definition of "malicious" under § 523(a)(6). Therefore, the fact that the state court found Debtor liable for defamation does not determine the issue of whether his actions were "malicious" under § 523(a)(6).

Plaintiff was also awarded punitive damages. To recover punitive damages, Plaintiff must prove malice. *See Overcast*, 11 S.W.3d at 70. "Actual malice" is defined as a false statement made "with knowledge that it was false, or with reckless disregard for whether it was true or false at a time when defendant had serious doubt as to whether it was true." *Id*. at 70 *citing Snodgrass v. Headco Industries, Inc*. 640 S.W.2d 147 (Mo. App.1982); *Nazeri*, 860 S.W.2d at 303.

As previously noted, neither the transcript nor the complaint are part of the record. This Court is, therefore, limited to reviewing and analyzing the definitions of the terms used in the Judgment in deciding if the issue of whether Debtor's actions were "willful and malicious" under § 523(a)(6) has already been determined. Other than the bare term "maliciously" and the conclusory statement that Debtor acted with "actual malice," this Court has nothing to analyze to determine

exactly what facts the state court based its findings on. Without the transcript, the Court cannot even determine if there was any actual litigation regarding Debtor's knowledge of the falsity of the information given to the police concerning Plaintiff. Because the state court could have found "actual malice" based on Debtor acting recklessly with regard to the truth or falsity of the information he reported to the police, the finding of "actual malice" does not, without more specific facts, satisfy the heightened definition of "malicious" that is required under § 523(a)(6). Based on the foregoing, the Court is satisfied that collateral estoppel principles should not prevent this Court from considering whether Debtor's conduct was "willful and malicious" as defined by § 523(a)(6). Therefore, as questions of material fact exist, Plaintiff's claim under § 523(a)(6) is not ripe for disposal by summary judgment.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Motion for Summary Judgment is hereby granted in part and denied in part. The Court finds that the Judgment is a judgment on the merits and therefore, the Debtor cannot challenge the findings made in the Judgment and on this point, Plaintiff is granted summary judgment. The Court finds that questions of material fact exist with regard to whether the findings in the Judgment determine the question of whether Debtor's conduct was "willful and malicious" under § 523(a)(6), and therefore, summary judgment on the issue of nondischargability is denied. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 17th day of October 2008.

/s/ Dennis R. Dow

11

United States Bankruptcy Judge

Copies to:
David Duvall
Linda G. Harris
John Reed, Trustee